COURT OF APPEALS OF VIRGINIA


Present: Judges Koontz,[*] Bray and Annunziata


JAMES THOMAS HENDRICKS

v.   Record No. 0319-95-4                    MEMORANDUM OPINION[**]
                                                  PER CURIAM
RIDGEWAY CLOCKS COMPANY                       AUGUST 29, 1995
AND
LUMBERMENS MUTUAL CASUALTY COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Douglas K. W. Landau; Abrams, Landau Ltd., on brief),
            for appellant.

            (Christopher M. Kite; Monica L. Taylor; Gentry, Locke,
            Rakes & Moore, on brief), for appellees.



        James Thomas Hendricks (claimant) contends that the Workers'

Compensation Commission (commission) erred in (1) finding that he

failed to prove that he sustained an injury by accident arising

out of and in the course of his employment on April 21, 1993; and

(2) considering Dr. David B. Tapper's October 28, 1993 report

filed by Ridgeway Clocks Company and its insurer (hereinafter

collectively referred to as "employer") with the commission on

November 12, 1993.[1]  Upon reviewing the record and the briefs of

_____

        [*]Justice Koontz participated in the decision of this case
prior to his investiture as a Justice of the Supreme Court of
Virginia.

        [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

        [1]The parties have also briefed the question of whether the
claimant gave proper notice of his alleged accident to the
employer.  However, because our ruling on the "injury by
accident" issue disposes of this appeal, we need not address the
notice question.

the parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision. Rule
5A:27.

On appeal, we view the evidence in the light most favorable
to the prevailing party below. R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In
order to carry his burden of proving an 'injury by accident' a
claimant must prove that the cause of his injury was an
identifiable incident or sudden precipitating event and that it
resulted in an obvious sudden mechanical or structural change in
the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858,
865 (1989). Unless we can say as a matter of law that the
claimant's evidence sustained his burden of proof, the
commission's findings are binding and conclusive upon us. Tomko
v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833,
835 (1970).

The commission was confronted with conflicting accounts of
how and when the claimant's back injury was sustained, and it was
for the commission to decide the weight to be given these
accounts and the credibility of the witnesses. See Pence Nissan
Oldsmobile v. Oliver, 20 Va. App. ___, ___ S.E.2d ___ (1995).
The commission may consider medical histories as party admissions
and for purposes of impeachment of the claimant's testimony. Id.

The claimant testified that, on April 21, 1993, his back
"snapped" at approximately 11:00 or 11:30 a.m., as he was moving

2

a wooden post, weighing approximately eight pounds.  Later that day, the claimant told his supervisor, Thomas Collins, that his back was hurting, but he did not mention any specific accident or work-related event to Collins.  Collins made note of the claimant's general complaints of back pain.

Dr. Tapper's April 21, 1993 records indicate that the claimant stated, "[a]woke yesterday a.m. with his back hurting him much worse.  Went to work anyway but could barely walk.  He is worse today.  The pain is diffusely in his lumbar back.  Taking his Darvocet without relief.  Unaware of any specific injury. . . .  Exacerbation of chronic back syndrome status post lumbar surgery times two."[2]  On June 11, 1993, Dr. Tapper reiterated that the claimant's problems were due to prior disc problems and that his present condition was a continuation of those problems.  Dr. Tapper's June 11, 1993 notes also do not indicate that the claimant mentioned any specific work-related accident to him on that date.  On October 28, 1993, Dr. Tapper stated at the time the claimant was examined on April 21, 1993, he "could recall no specific event that precipitated his acute increase in his pain.  He denied any specific event occurring at work to his knowledge.  All he could recall was awakening the morning before presentation with much more severity of his chronic back pain."

---

[2]The medical records establish that the claimant had a long history of back problems.  He underwent a cervical laminectomy in 1978 and back surgery in 1987 and 1988.  Dr. Tapper had been treating the claimant since 1988 for his chronic back problems.

In reversing the deputy commissioner and finding that the claimant failed to prove that he suffered a new injury by accident on April 21, 1993, the full commission found as follows:

> Dr. Tapper's view that the disability is a result of a progression of the claimant's prior back problems is supported by the fact that the claimant did not mention a new accident when he saw him the day of the alleged accident, nor did he describe a specific accident to anyone at work. Dr. Tapper's report indicates that the claimant had back pain before he went to work that day. Although the claimant's condition clearly worsened, he did not prove that this was the result of a new accident, rather than a gradual deterioration of his prior back problems.

"[I]njuries resulting from repetitive trauma . . . as well as injuries sustained at an unknown time, are not 'injuries by accident' within the meaning of Code § 65.1-7 [now Code § 65.2-101]." Morris, 238 Va. at 589, 385 S.E.2d at 865. After reviewing all of the evidence, the commission ruled that, in light of the claimant's failure to mention any specific incident to Dr. Tapper or his co-workers immediately following the alleged incident, he failed to prove an injury by accident. Based upon this record, we cannot say as a matter of law that the claimant's evidence sustained his burden of proving an injury by accident occurring on April 21, 1993.

The claimant did not ask the full commission to review the deputy commissioner's decision to consider Dr. Tapper's October 28, 1993 report. Therefore, we will not consider this issue on appeal. Decisions of a deputy commissioner that are not reviewed

4

by the full commission cannot be brought before this Court. <u>Southwest Architectural Prods. v. Smith</u>, 4 Va. App. 474, 478, 358 S.E.2d 745, 747 (1987).

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>